| **Haimovici v Castle Vil. Owners Corp.** |
| --- |
| 2026 NY Slip Op 31030(U) |
| March 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156094/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. ARLENE P. BLUTH** | PART 14 |
| *Justice* | |

-----------------------------------------------------------------------------X

GABRIEL HAIMOVICI,

        Plaintiff,

- v -

CASTLE VILLAGE OWNERS CORP., ANDREW DITTON,
JIM BERLIN, MICHAEL UYSAL, TIMOTHY GLADDEN, LISA
ALDISERT, HERBERT LAMBERT, EDWARD SONN,

        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156094/2022 |
| MOTION DATE | 03/10/2026 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 271, 273, 275, 278, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 370, 371, 377, 378, 379, 380, 381, 383, 384

were read on this motion to/for            SUMMARY JUDGMENT     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 270, 272, 274, 276, 277, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 369, 372, 373, 374, 375, 376, 382

were read on this motion to/for            SUMMARY JUDGMENT     .

Motion Sequence Numbers 004 and 005 are consolidated for disposition.

Defendants' motion (MS004) for summary judgment on their first, second, and fourth counterclaims and to dismiss the complaint in its entirety is granted and plaintiff's cross-motion to preclude is denied. Plaintiff's motion (MS005) for partial summary judgment is denied.

## Background

Plaintiff commenced this action to prevent defendant from terminating his proprietary lease. He claims that he lives in the building and that the co-op defendant ("Castle Village") sent

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.      Page 1 of 9
Motion No.  004 005

1 of 9

[* 1]

INDEX NO. 156094/2022

RECEIVED NYSCEF: 03/17/2026

him a notice of termination pursuant to a resolution on July 14, 2022 (NYSCEF Doc. No. 5). The notice referenced a June 27, 2022 special meeting of the board of directors of Castle Village at which plaintiff's purported conduct was considered. The notice cited numerous instances in which plaintiff engaged in what Castle Village considered to be objectionable conduct under the terms of the proprietary lease (*id.* at 5). This included alleged rude comments made to fellow residents, "shouting profanities" in the proximity of young children, allegedly "harassing and screaming at a pregnant woman" who was a guest of a resident and yelling at another resident (*id.*). Also included was an allegation that plaintiff "used his cell phone to take pictures of [a] 3 year old boy when his pants were down" (*id.*).

The notice also insisted that plaintiff filed repeatedly baseless complaints about another apartment, including one where he insisted that one of these residents spit on plaintiff's child; however, security footage revealed that the person accused of doing the spitting was wearing a face covering over her mouth the entire time (*id.*). Plaintiff was also accused of harassing building staff, including calling the property manager 30 times about a mannequin in the window of a neighbor's apartment *(id*. at 6). And defendant maintained that plaintiff called certain staff members "lazy and dishonest" (*id.*). Plaintiff denies all of the allegations and insists that these issues with his neighbors stem from the fact that they purportedly smoke marijuana and it harms one of his children who suffers from autism. He argues that defendants are retaliating against him because he wants to inspect the co-op's books and records and the so-called objectionable conduct all arose after he made that demand. Plaintiff explains that he made the request after the board increased the monthly maintenance fees.

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.          Page 2 of 9
  Motion No.  004 005

[* 2]                                              2 of 9

Defendants move for summary judgment and point out that following the above-cited June 27, 2022 meeting at which both plaintiff and his attorney were present, plaintiff's tenancy and interest in his apartment were terminated.

Defendants detail that following a long, long history of plaintiff's objectionable conduct, the Board met on March 30, 2022 to discuss a path forward. Defendants contend that they sent a letter dated April 11, 2022 from their attorney detailing their concerns and scheduling a meeting to consider terminating his tenancy (NYSCEF Doc. No. 252). This was followed by a May 2022 notice and three separate adjournments (at plaintiff's request).

Defendants attach a copy of the transcript for the June 27, 2022 meeting. They claim this shows that plaintiff had a full and fair opportunity to contest the allegations made against him. Defendants contend that the business judgment rule justifies their decision to terminate plaintiff's proprietary lease and that, therefore, they are entitled to summary judgment on their counterclaim for ejectment.

**Defendants' Counterclaims**

Defendants seek summary judgment on their first, second and fourth counterclaims. These seek ejectment, declaratory relief that plaintiff's tenancy and the applicable shares are subject to termination, and legal fees.

"The business judgment rule is a common-law doctrine by which courts exercise restraint and defer to good faith decisions made by boards of directors in business settings" (*40 W. 67th St. Corp. v Pullman*, 100 NY2d 147, 153 [2003]). "In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.        Page 3 of 9
Motion No.  004 005

3 of 9

[* 3]

in good faith. In adopting this rule, we recognized that a cooperative board's broad powers could lead to abuse through arbitrary or malicious decisionmaking, unlawful discrimination or the like. However, we also aimed to avoid impairing "the purposes for which the residential community and its governing structure were formed: protection of the interest of the entire community of residents in an environment managed by the board for the common benefit" (*id*. at 153-54).

The Court grants the branch of defendants' motion that seeks summary judgment on the three counterclaims cited above on the ground that defendants are entitled to rely upon the business judgment rule. There is no question that plaintiff was specifically informed about his "objectionable" conduct and had a full and fair opportunity to contest the allegations at the meeting. And this Court is therefore compelled to find that the Board's determination is entitled to deference.

Plaintiff's insistence that he was never served with the predicate notice or thirty-day demand is inapposite. The relevant portion of the lease provides that:

> "Lessee's Objectionable Conduct: (f) If at any time the Lessor shall determine, upon the affirmative vote of two-thirds of its then Board of Directors at a meeting duly called for that purpose or the holders of 75% or more of the capital shares of the Lessor then issued, at a meeting of such shareholders duly called to take action on the subject, that because of the objectionable conduct on the part of the Lessee or of a person dwelling in or visiting the Apartment, the tenancy of the Lessee is undesirable (it being understood, without limiting the generality of the foregoing, that repeatedly to violate or disregard the House Rules hereto attached or hereafter established in accordance with the provisions of this Lease, or to permit or tolerate a person of dissolute, loose or immoral character to enter or remain in the buildings or the Apartment, shall be deemed to be objectionable conduct)" (NYSCEF Doc. No. 245, ¶ 31[f]).

As defendants point out, this provision says nothing about a 30-day notice and the portions of the proprietary lease that do (*i.e.,* paragraphs 31[e] and 19) are not applicable to this case. Defendants sought to terminate plaintiff's lease under 31(f) and the record shows that they complied with the requirements of that part of the lease. Plaintiff's insistence that he needed an

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.                    Page 4 of 9
Motion No.  004 005

[* 4]

4 of 9

opportunity to cure is also not a basis to deny this part of defendants' motion. At least one Court has found that termination under 31(f) does not require a notice to cure (*Anthony Gordon & Martina Gordon v Broadway Realty Corp. & Bd. of Managers of 476 Broadway Condominium*, 2014 N.Y. Slip Op. 31291[U] [Sup Ct, NY County 2014]). And this logic makes sense— defendants compiled a significant number of complaints about plaintiff. This is not a situation that suggests a cure period would be beneficial or required. Rather, the process provided all that is necessary.

To the extent that plaintiff appears to claim that the allegations listed in the March 7, 2022 letter were somehow automatically credited as true, the fact is that there was a robust hearing and the defendants reached a conclusion after that hearing. The business judgment rule described above does not permit this Court to second-guess that conclusion under these circumstances. In this Court's view, this is not an overreaction by defendants to a single incident; rather, this is concern that built up over time and involved many incidents. As the Court of Appeals observed "The very concept of cooperative living entails a voluntary, shared control over rules, maintenance and the composition of the community" (*id* at 158).

While there are many examples of plaintiff's conduct to point to, one, in particular, is emblematic of why this Court must defer to defendants' business judgment. At an April 30, 2021 virtual meeting, plaintiff stated that "It took all the restraint I have to not break their heads and paint the walls of Castle Village red" (NYSCEF Doc. No. 243). This is not a situation in which plaintiff made a single off-color comment. Instead, the record shows a long history of increasingly hostile actions (*see* NYSCEF Doc. No. 250) and this Court is unable to disturb defendants' termination of the relevant proprietary lease.

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.          Page 5 of 9
Motion No.  004 005

5 of 9

**Plaintiff's Cross-Motion**

The Court denies plaintiff's cross-motion, which seeks an order striking the affirmation of defendant Gladden because this defendant was not deposed. This Court never ordered that every board member defendant had to be deposed nor did it ever order that Mr. Gladden, specifically, had to be deposed. Therefore, there is no reason to summarily disregard this defendant's affirmation.

**Plaintiff's Affirmative Claims**

Defendants seek to dismiss all of plaintiff's allegations and plaintiff seeks summary judgment on his first, second, third and six causes of action in his amended complaint.

Plaintiff's causes of action are as follows: four separate breach of contract claims, waiver and estoppel, breach of fiduciary duty, defamation, intentional infliction of emotional distress, relief pursuant to RPL § 234 and relief under BCL § 624.

For many of the reasons stated above, the Court dismisses the complaint in its entirety. The first breach of contract claim fails because, as noted above, defendants demonstrated that they did not breach the proprietary lease in any way. To reiterate, it is not this Court's role when considering the application of the business judgment rule to second-guess or consider a Board's decision *de novo*. The Court can only, in the first instance, consider if defendants acted in good faith and, here, plaintiff simply disagrees (vehemently) with the defendants' decision. That is not a basis to find a breach of the lease.

The second breach of contract cause of action complains about the lack of a 30 day notice under lease provisions (19 and 31[e]) that are inapplicable. This claim is severed and dismissed.

The third breach of contract claim cites a failure to provide the House Rules when plaintiff acquired the lease and the related shares. Even if plaintiff was never provided with these

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.                Page 6 of 9
Motion No. 004 005

6 of 9

rules, that is not a reason for this claim to survive. Plaintiff did not need House Rules to know that he should not engage in the conduct described in this record. This is not a situation in which a picayune rule is at issue; it merely seeks to hold plaintiff accountable for objectionable conduct.

The fourth cause of action rests on a breach of the right to plaintiff's quiet enjoyment of the unit. These allegations concern plaintiff's complaints about substantial marijuana use and associated odor in the building. Setting aside the veracity of these allegations, that does not evince a valid cause of action to void the termination of the lease. In other words, the presence of marijuana odor does not give plaintiff license to do and say anything objectionable without repercussion.

Similarly, plaintiff's fifth claim based on wavier or estoppel is dismissed. Plaintiff received multiple notices about defendants' concerns in the months leading up to the subject board meeting in June 2022.

The sixth cause of action, premised on a breach of fiduciary duty, is dismissed as this Court has found that defendants' termination was valid under the business judgment rule.

Plaintiff's seventh claim is based on defamation. Specifically, he claims that the Board's attorney defamed him by recounting an allegation that plaintiff took pictures of a small child with his pants down while on playground equipment. This claim is also dismissed because it was contained in a description of plaintiff's objectionable conduct provided by defendants' attorney to plaintiff's attorney. It is therefore a protected statement as it was part of a quasi-judicial proceeding (*Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007] [holding that statements made during a quasi-judicial proceeding are protected by an absolute privilege]).

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.          Page 7 of 9
Motion No.  004 005

7 of 9

Plaintiff's eighth claim for intentional infliction of emotional distress is also dismissed as nothing in this record shows that defendants' conduct was outrageous or extreme. Plaintiff's opposition to this branch of the motion did not raise an issue of fact.

Plaintiff is also not entitled to recover legal fees (the ninth claim) as defendants have not breached the lease.

And, finally, plaintiff's last claim, to inspect the defendants' records, is now moot as defendants properly terminated his lease.

**Summary**

Clearly, this record shows a tremendous amount of acrimony between plaintiff and defendants. But this Court's role is merely to assess whether the Board acted in good faith when it terminated plaintiff's proprietary lease. The Court finds that it did and that, therefore, plaintiff does not have a viable cause of action against defendants, including the individual board member defendants.

Defendants are entitled to summary judgment on their counterclaims for ejectment, declaratory relief and legal fees. They claim that plaintiff has been paying the monthly charges and so they do not seek summary judgment on their third counterclaim. With respect to reasonable legal fees, defendants are directed to make a separate motion for such fees on or before April 16, 2026.

Accordingly, it is hereby

ORDERED that defendants' motion (MS004) for summary judgment on its first, second, and fourth counterclaims and to dismiss plaintiff's complaint is granted; and it is further

ORDERED that plaintiff's cross-motion is denied; and it is further

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.                    Page 8 of 9
Motion No.  004 005

8 of 9

ORDERED that plaintiff's motion (MS005) for partial summary judgment is denied; and it is further

ORDERED that plaintiff's complaint is severed and dismissed; and it is further

ADJUDGED that defendant Castle Village Owners Corp. is entitled to possession of shares in the cooperative appurtenant to Apartment 27 at 180 Cabrini Boulevard, New York, New York and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place defendant Castle Village Owners Corp. in possession accordingly; and it is further

ADJUDGED that immediately upon entry of this Order and Judgment, defendant Castle Village Owners Corp. may exercise all acts of ownership and possession of Apartment 27 at 180 Cabrini Boulevard, New York, New York, including entry thereto; and it is further

DECLARED that plaintiff's tenancy and the shares of Apartment 27 at 180 Cabrini Boulevard, New York, New York are hereby terminated.

| 3/17/2026 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.                    Page 9 of 9
Motion No.  004 005

9 of 9